UNITED STATES, Appellee

v.

WILLIAM HARVEY, Private; U. S. Army, Appellant

2 USCMA 609, 10 CMR 107

No. 1625

Decided June 3, 1953

LT COL James C. Hamilton, U. S. Army, and 1ST LT Richard B. Dempsey, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, for Appellee.

ROBERT E. QUINN, Chief Judge:

The accused was tried by general court-martial at Fort Leavenworth, Kansas, for the offense of desertion, in violation of Article 85, Uniform Code of Military Justice, 50 U. S. C. § 679. Upon his conviction thereof, he was sentenced to dishonorable discharge, total forfeitures and confinement at hard labor for three years. Intermediate appellate agencies having approved and affirmed the findings and sentence, we granted the accused's petition for review to examine a defense contention that Prosecution Exhibit No. 1, an extract copy of a morning report of the accused's organization, was erroneously prepared and its receipt in evidence prejudicial to the accused.

The nature of the contention requires us to set forth the substance of the evidence before the court-martial. At the trial, Prosecution Exhibit No. 1, prepared by the official custodian of morning reports of 6217 Area Service Unit, Enlisted Replacement Center (Pipeline), Fort Lawton, Washington, was received in evidence without objection. This exhibit contained the following entry made under date of March 12, 1952: "Fr enroute to join to AWOL 0001 1 Mar 52." Evidence of the termination of the absence by apprehension was received through the stipulated testimony of the apprehending military policeman. Testifying in his own behalf, the accused asserted he had been brought to the Personnel Center at Fort Lawton from Fort Leavenworth, under guard, on January 25, 1952, and there assigned to a pipeline company. There he worked in the supply room and was not on overseas orders. He admitted his unauthorized absence asserting it was occasioned by the failure of his organization to pay him for several months, and further by the desire to visit his home because of a death in the family. Subsequent to the trial and prior to action of the convening authority, the latter received another morning report extract containing an entry prepared by the same individual who prepared the entry contained in

Prosecution Exhibit No. 1, bearing the same date as Prosecution Exhibit No. 1, and indicating the following information relating to the accused: "Fr duty to AWOL 0001 1 Mar 52." A further entry indicated the accused had joined the reporting organization on or before February 1, 1952. The staff judge advocate reported this information as newly discovered evidence in his review prepared as required by Article 61 of the Code, 50 U. S. C. § 648, and based upon his belief that the court might not have imposed the maximum penalty had this entry been available, recommended that one year of the confinement be remitted. No explanation of the presence of two separate entries was offered. The recommendation was disregarded by the convening authority.

Since the facts upon which the defense contention are based are not contained in the record of trial, a question of paramount importance arises. May this Court consider the "newly discovered evidence" in connection with a review granted under the provision of Article 67 (b) (3), 50 U. S. C. § 654?

The power and authority of this Court is found within the confines of the legislation creating it. See United States v. Benney Ray Simmons (No. 940), 6 CMR 105, decided December 31, 1952. By Article 67(b)(3), supra, we are authorized to consider cases reviewed by a board of review in which review has been granted "on good cause." We understand "good cause" must be shown "on the basis of the entire record," as that phrase is used in Article 66(c) of the Code, 50 U. S. C. § 653. See United States v. Burns (No. 847), 9 CMR 30, decided April 15, 1953. There is no authority to depart from the record of trial in cases presented for our review, in the provisions of the Code, in any expression of Congressional intent, or in the Manual for Courts-Martial, United States, 1951. We do not find in the facts upon which the defense contention is founded, such a possibility of injustice to the accused as would cause us to consider whether an exception to this general rule should be

invoked to prevent a miscarriage of justice. Ayers v. United States, 58 F2d 607 (CA8th Cir); Paden v. United States, 85 F2d 366 (CA8th Cir). The reasons for this conclusion are twofold: First, the fact of unauthorized absence from an overseas replacement unit was sufficiently established apart from the documentary evidence. Consequently, there being no perceptible difference between desertion committed while en route to join such an organization, and desertion committed after joining it, no question relative to "miscarriage of justice" is presented. Second, if there is any merit in the contention of the defense, Article 73 of the Code, 50 USC § 660, provides the proper method of raising it, to wit, by petition for new trial founded on newly discovered evidence. Such a petition, containing a full explanation of the ambiguity arising from two separate morning reports, and further available evidence concerning the status of the accused, is, in our opinion, the proper remedy.

The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.